**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re:<br><br>**WOODCREST CONDOMINIUMS IX, LLC,**<br><br>       **Debtor.** | **Case No. 25-00265 (ELG)**<br><br>**Chapter 11** |
| **WOODCREST CONDOMINIUMS IX, LLC,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**WELCH FAMILY LIMITED PARTNERSHIP FIVE,**<br><br>       **Defendant.** | **Adv. Pro. No. _____** |

**COMPLAINT**

Woodcrest Condominiums IX, LLC, the debtor and debtor in possession ("**Plaintiff**" or the "**Debtor**") in the above-captioned chapter 11 bankruptcy case (the "**Bankruptcy Case**"), by and through its undersigned counsel, hereby files this complaint (the "**Complaint**") commencing this adversary proceeding (the "**Adversary Proceeding**") against Welch Family Limited Partnership Five ("**Defendant**" or "**Welch**"). In support of this Complaint, the Debtor, upon information and belief, alleges as follows:

Brent C. Strickland (Bar No. 452880)
WHITEFORD, TAYLOR & PRESTON LLP
8830 Stanford Blvd., Suite 400
Columbia, MD 21045
Phone: (410) 347-9402
Email: bstrickland@whitefordlaw.com

Joshua D. Stiff (admitted *pro hac vice*)
WHITEFORD, TAYLOR & PRESTON LLP
249 Central Park Avenue, Suite 300
Virginia Beach, VA 23462
Telephone: (757) 271-9751
Email: jstiff@whitefordlaw.com

*Counsel to Debtor and Debtor in Possession*

## **NATURE OF ACTION**

1.      This Complaint seeks to end Welch's fraudulent and tortious scheme to collect on a debt from the Debtor in the alleged principal amount of $4 million pursuant to the 2018 Note (as defined herein). The Debtor is neither a party to nor a guarantor of the 2018 Note, nor is the Debtor liable to Welch for any of the indebtedness under the 2018 Note. Further, the Debtor never pledged any of its property, let alone its primary assets, the Condo Units (as defined herein), as collateral to secure the 2018 Note.

2.      On August 22, 2025, Welch filed Proof of Claim No. 6 and Proof of Claim No. 7 in the Bankruptcy Case asserting a secured claim against the Debtor and the Condo Units in the principal amount of $4 million (together, the "**Proofs of Claim**"). Welch bases this disputed secured claim on a promissory note, the 2023 Note (as defined herein), and a Deed of Trust (as defined herein). The 2023 Note and Deed of Trust are a mere continuation of Welch's fraudulent and tortious scheme to collect on the 2018 Note from the Debtor and its bankruptcy estate.

3.      Well prior to the Petition Date (as defined herein), in October 2023, and despite lacking any basis in law or fact, Welch improperly: (a) commenced a civil D.C. Action (as defined herein) action against the Debtor, seeking a judgment against the Debtor for the amounts due under the 2018 Note; and (b) filed a Lis Pendens (as defined herein) to encumber the Debtor's real property, including the Condo Units, in connection with the D.C. Action. Welch filed the D.C. Action against the Debtor as an improper tactic to gain undue leverage in litigation. Shortly thereafter, in November and December 2023, Welch offered the Debtor a Proposed Settlement (as defined herein) whereby Welch would dismiss the D.C. Action and release the Lis Pendens in exchange for the 2023 Note and Deed of Trust. In reliance on Welch's illusive promise, the Debtor provided the 2023 Note and a copy of the Deed of Trust to Welch to

be held in escrow pending consummation of the Proposed Settlement. No funds were advanced to the Debtor, or any other party, in connection with the 2023 Note. Immediately after receipt of the 2023 Note and a copy of the Deed of Trust, Welch rejected the Proposed Settlement and continued litigating the D.C. Action against the Debtor. Welch neither cancelled the 2018 Note, dismissed the D.C. Action nor released the Lis Pendens.

4.      Months later, displeased with the course of litigation in the D.C. Action, and despite its knowledge that the 2023 Note and Deed of Trust were invalid, Welch fraudulently moved to enforce the 2023 Note and Deed of Trust against the Debtor and the Condo Units. In August 2024, Welch fraudulently recorded an edited copy of the Deed of Trust. In September 2024, counsel to Welch, Todd Lewis ("**Mr. Lewis**"), on behalf of the same, fraudulently confessed an edited copy of the invalid 2023 Note, which Confessed Judgment (defined herein) Welch then failed to properly serve. In June 2025, Welch fraudulently commenced foreclosure proceedings under the invalid Recorded Deed of Trust (as defined herein) against the Condo Units, necessitating the filing of the Bankruptcy Case.

5.      The 2023 Note and Deed of Trust are not valid and enforceable against the Debtor or its bankruptcy estate and should be invalidated and/or rescinded. Further, even if the Court were to determine that these instruments are valid, the 2023 Note and Deed of Trust, and the rights, obligations and interests thereunder, are avoidable and recoverable as constructively fraudulent transfers under section 547 and 550 of the Bankruptcy Code. The Debtor received no reasonably equivalent value in exchange for the rights and benefits allegedly granted to Welch under these documents. Lastly, the Court should award the Debtor damages for the harm caused by the fraud, fraudulent misrepresentation, fraudulent inducement and slander of title perpetrated by Welch against the Debtor, its bankruptcy estate and its creditors and parties in interest.

## PARTIES

6.      Plaintiff Woodcrest Condominiums IX, LLC is a limited liability company organized under the laws of the District of Columbia and is the debtor and debtor possession in this chapter 11 Bankruptcy Case.

7.      Defendant Welch Family Limited Partnership Five is a limited partnership organized under the laws of the state of Maryland with its principal office in Maryland registered as 2611 Spencer Road, Chevy Chase, Maryland 20815. The registered agent for Welch in the state of Maryland is Kenneth J. Welch, 2611 Spencer Road, Chevy Chase, Maryland 20815.

## JURISDICTION AND VENUE

8.      On July 9, 2025 (the "**Petition Date**"), the Debtor commenced this Bankruptcy Case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "**Bankruptcy Code**"), with the United States Bankruptcy Court for the District of Columbia (the "**Court**"). No trustee or examiner has been appointed in the Bankruptcy Case, and the Debtor continues to manage its assets and affairs as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

9.      The Court has jurisdiction over this Adversary Proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtor consents to entry of final judgment by the Bankruptcy Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELEVANT FACTS

### A.  *Woodcrest Villas and Debtor's Condo Units*

10.     The Debtor is one of numerous affiliated entities involved in a townhome and condominium development known as "**Woodcrest Villas**" located in the Southeast D.C. neighborhood of Congress Heights.

11.     The Woodcrest Villas development project began in and around 2014, at which time approximately sixty (60) total lots were acquired with the intent to construct ten (10) buildings, each housing multiple townhome and condominium units. As of the Petition Date, seven (7) buildings have been completed, comprised of numerous townhome and condominium units, most of which have been sold. Three (3) buildings remain to be completed.

12.     Affiliated business entities, such as the Debtor, separately own (or owned) the real property underlying and comprising each of these building sites (together with the Debtor, the "**Propcos**" and each a "**Propco**"). Historically, once a townhome or condominium building had been constructed, the owning Propco would market and sell the townhomes or condominium units therein, as applicable, to the public.

13.     The Debtor and its sister Propcos are wholly owned subsidiaries of Woodcrest Holdings LLC ("**Holdco**").

14.     By *Deed* dated March 6, 2014, and recorded with the District of Columbia Government Recorder of Deeds on April 4, 2014 (Document No. 2014030060), the Debtor took title to the lots on which has been constructed "**Building 900**" in Woodcrest Villas. Building 900, which is completed, contains eight (8) condominium units, five (5) of which the Debtor sold prior to the Petition Date.

15.     As of the Petition Date, the Debtor owns in fee simple the following three (3) remaining condominium units in Building 900 (together, the "**Condo Units**"):

    a.     456A Woodcrest Drive SE, Washington, DC 20032 ("**Unit 456A**");

    b.     456B Woodcrest Drive SE, Washington, DC 20032 ("**Unit 456B**"); and

    c.     454B Woodcrest Drive SE, Washington, DC 20032 ("**Unit 454B**").

16.     Unit 454B is subject to an existing purchase agreement (for a purchase price of $475,000), which sale the Debtor submitted to the Court for approval under section 363 of the Bankruptcy Code (*see Debtor's Motion to Approve Sale of 454B Woodcrest Drive SE, Washington, DC 20032 Free and Clear of Liens, Claims, Interests and Encumbrances* [Docket No. 26] filed on August 12, 2025). The Debtor will be marketing and selling the remaining Condo Units during the Bankruptcy Case for their maximum value.

**B.   *Welch's 2018 Note***

17.     Prior to the Petition Date, on or around March 7, 2018, Welch, Woodcrest Holdings LLC ("**Holdco**") and Roger H. Black ("**Mr. Black**") entered into a *Promissory Note* dated the same (the "**2018 Note**"). The 2018 Note states that it is for the principal amount of $4,000,000, and, by its terms, the proceeds of the 2018 Note were to be invested in developing Woodcrest Villas. A copy of the alleged 2018 Note is attached hereto as **Exhibit A**.

18.     Neither Holdco nor Mr. Black granted Welch a lien or security interest in any property to secure the 2018 Note, and the 2018 Note was wholly unsecured.

19.     The Debtor was neither a party to the 2018 Note nor liable on the 2018 Note debt. Further, the Debtor did not grant a lien or security interest in the Condo Units or any of the Debtor's other assets to Welch to secure the 2018 Note debt.

### C. *Welch's Sanctionable and Tortious D.C. Action Against Debtor*

20.     On or around October 20, 2023, Welch filed a *Verified Complaint* (the "**Welch Complaint**") commencing a civil action in the Superior Court of the District of Columbia, Civil Division, *Welch Family Limited Partnership Five v. Roger Harvey Black, et al.*, Case No. 2023-CAB-006506, for breach of contract against Holdco, Mr. Black and numerous of the Propco entities, including the Debtor (the "**D.C. Action**"). A true and correct copy of the Welch Complaint is attached hereto as **Exhibit B**.

21.     The Welch Complaint asserts a single count for breach of the 2018 Note, alleging that Mr. Black and Holdco failed to pay the 2018 Note in full upon maturity on October 30, 2020, and owe Welch $4,000,000 in principal, plus $480,000 in pre-maturity interest and another $2,080,000 in post-maturity interest, without credit for payments that were made prior to the filing of the Welch Complaint.

22.     As an improper tactic to gain undue leverage in litigation, Welch: (a) erroneously named numerous parties as defendants to the Welch Complaint, including the Debtor, who are neither parties to the 2018 Note nor liable on the debt alleged thereunder; (b) styled the Welch Complaint as an "Action Regarding Real Property" notwithstanding that the D.C. Action was only a breach of contract proceeding on an unsecured debt; and (c) tortiously included a *Memorandum of Lis Pendens* with the Welch Complaint asserting *lis pendens* rights against the real property of the Debtor and certain of its sister Propcos (the "**Lis Pendens**").

23.     The Welch Complaint identifies the parties to the 2018 Note as Holdco and Mr. Black.

24.     The Welch Complaint does not allege that the Debtor is a party to the 2018 Note.

25.     The Welch Complaint also does not allege that Welch holds a lien, security interest or any other type of real property ownership interest in the Debtor's Condo Units.

26.     Instead, in conclusory terms, and without basis in fact or grounds in law, Welch asserts in the Welch Complaint that the Debtor is "obligated to remit" to Welch the full $6.56 million allegedly owed under the 2018 Note.

27.      Similarly without basis in fact, and further in violation of applicable law, Welch issued the Lis Pendens against the Debtor's real property despite no ownership interest in the Condo Units being directly at issue in the Welch Complaint as required under D.C. Code § 42-1207.

28.     The Welch Complaint and Lis Pendens filed against the Debtor is baseless, improper, tortious and sanctionable.

### D.  *Parties' Unconsummated and Rejected Settlement*

29.     In and around November 2023, after commencement of the D.C. Action, Holdco, Mr. Black, the Debtor and the other defendant parties entered into settlement discussions with Welch to resolve the D.C. Action.

30.     In the course of these settlement discussions, Welch offered to dismiss the D.C. Action and release the Lis Pendens in exchange for (a) a promissory note (the "**2023 Note**") executed by Holdco, Mr. Black, the Debtor and certain of the other Propco defendant parties, and (b) a deed of trust (the "**Deed of Trust**") from the same parties granting Welch a lien on certain real property (the "**Proposed Settlement**"). As a condition to this offer, Welch demanded fully executed copies of the proposed 2023 Note and the Deed Trust as proof that the foregoing defendants would follow through with the Proposed Settlement.

31.     Pursuant to this offer, and as a demonstration of good faith, Holdco, Mr. Black, the Debtor and certain of the other Propco defendants prepared and executed (a) the 2023 Note dated December 1, 2023, which purported to render the Debtor, among other parties, liable to Welch for the principal amount of $4,000,000, and (b) the Deed of Trust dated the same, which purported to create a security interest in the Condo Units, among other real property, to secure the 2023 Note for the benefit of Welch.

32.     Counsel to the Debtor provided the original 2023 Note and a copy of the Deed of Trust to Welch expressly to be held in escrow pending consummation of the Proposed Settlement. Counsel to the Debtor retained the original copy of the Deed of Trust, which remains in his possession. Counsel to the Debtor further instructed counsel to Welch that the Deed of Trust could not, and should not, be recorded until consummation of the Proposed Settlement. A true and correct copy of the 2023 Note and Deed of Trust provided to Welch is attached hereto as **Exhibit C** and **Exhibit D**, respectively.

33.     Shortly thereafter, in and around December 2023, counsel to Welch communicated to counsel to the Debtor that Welch rejected the Proposed Settlement and would neither be dismissing the D.C. Action nor releasing the Lis Pendens.

34.     Welch did not cancel the 2018 Note and continued litigating the D.C. Action against the Debtor, among the other defendants.

35.     Welch did not advance monies under or in connection with the 2023 Note to the Debtor or any other party.

36.     Neither the Debtor nor Welch recorded the Deed of Trust at that time.

37.     In the face of this rejection of the Proposed Settlement, the Debtor along with the other defendants in the D.C. Action filed their answer to the Welch Complaint on January 18, 2024.

38.     Welch never released the Lis Pendens.

39.     Welch never dismissed the D.C. Action, which case was still pending as of the Petition Date.

### E. *Welch's Fraudulent Conduct Under Invalid 2023 Note and Deed of Trust*

40.     On June 3, 2024, the Debtor closed on the sale of its condominium unit 458B Woodcrest Drive SE, Washington, DC 20032 ("**Unit 458B**") for the purchase price of $399,900.

41.     In the course of preparing for the closing of this sale, the Debtor determined that Welch had never properly recorded the Lis Pendens. Specifically, while Welch had filed the Lis Pendens with the Welch Complaint, Welch failed to record the Lis Pendens with the District of Columbia Government Recorder of Deeds in accordance with D.C. Code § 42-1207.

42.      Based on this determination, the Debtor closed on the foregoing sale without obtaining a release of the Lis Pendens from Welch. Additionally, after payoff of the first priority lien against the property held by Sandy Spring Bank, and payment of other closing costs, the Debtor received $123,319.94 from the proceeds of the sale of Unit 458B.

43.     Angered by the discovery that the Debtor had received proceeds from the sale of Unit 458B, Welch thereafter engaged in tortious and sanctionable action to fraudulently enforce the invalid 2023 Note and Deed of Trust against the Debtor and the Condo Units.

44.     On July 24, 2025, Welch recorded a revised Lis Pendens with the District of Columbia Government Recorder of Deeds, Document No. 2024068896 (the "**Revised Lis Pendens**"), against, among other real property, the Condo Units. As was the case with the

original Lis Pendens, the recordation of the Revised Lis Pendens was both tortious and sanctionable because no ownership interest in the Condo Units was directly at issue in the Welch Complaint as required under D.C. Code § 42-1207. A true and correct copy of the Revised Lis Pendens is attached hereto as **Exhibit E**.

45.    On August 5, 2024, Welch fraudulently filed an edited copy of the invalid Deed of Trust with the District of Columbia Government Recorder of Deeds, Document No. 2024072516 (the "**Recorded Deed of Trust**"). A true and correct copy of the Recorded Deed of Trust is attached hereto as **Exhibit F**.

46.    As noted above, Welch edited its copy of the Recorded Deed of Trust prior to recordation. For example, Welch deleted the references to Units 454A, 458B and 460A, and their corresponding lot numbers, from the real property description of "Building 900" in the Recorded Deed of Trust, which references were listed in the PDF copy of the Deed of Trust originally provided to counsel to Welch in December 2023 in escrow in connection with the Proposed Settlement.

47.    Welch further recorded a false affidavit with the Recorded Deed of Trust. Included therewith is a *Security Affidavit – Class 1* dated July 24, 2025, and signed by Kenneth J. Welch, in which Mr. Welch states, under oath, that he is the owner of the Condo Units. As acknowledged by Welch in numerous documents, including the Welch Complaint, the Deed of Trust, and the Motion for Relief (as defined herein) filed in the Bankruptcy Case, the Debtor is the owner of the Condo Units. Welch's false affidavit is a false statement subject to criminal penalties pursuant D.C. Code § 22-2405, as clearly set forth in the aforementioned affidavit.

48.    Neither the Deed of Trust nor the Recorded Deed of Trust reference the 2023 Note.

49.     Welch never counter-signed the Deed of Trust (nor the Recorded Deed of Trust).

50.     The Debtor did not authorize Welch to record the Deed of Trust (or the Recorded Deed of Trust).

51.     Welch knew at the time of recordation that both the Deed of Trust and Recorded Deed of Trust were invalid.

52.     On or around September 27, 2024, counsel to Welch, Mr. Lewis, fraudulently confessed judgment in the Circuit Court of Fairfax County, Virginia against the Debtor, among other parties, based on the invalid 2023 Note (the "**Confessed Judgment**"). A certified copy of the Confessed Judgment is attached hereto as **Exhibit G**. Mr. Lewis was named attorney in fact to the Debtor and Mr. Black, among other parties, in the confession of judgment provision in the invalid 2023 Note

53.     Welch, or Mr. Lewis at the direction of Welch, edited the 2023 Note prior to confession. For example, Welch and/or Mr. Lewis deleted the references to Units 454A, 458B and 460A, and their corresponding lot numbers, from the real property description of "Building 900" in the copy of the confessed 2023 Note included with the Confessed Judgment, which references were listed in the original 2023 Note originally provided to Welch in December 2023 in escrow in connection with the Proposed Settlement.

54.     The Confessed Judgment was neither domesticated nor recorded against the Debtor in the District of Columbia.

55.     Welch knew at the time judgment was confessed that the 2023 Note was invalid.

56.     Counsel to Welch and attorney in fact to the Debtor, Mr. Lewis, knew at the time judgment was confessed that the 2023 Note was invalid.

57.     Notice of the Confessed Judgement was never properly served on the Debtor or Mr. Black, as reflected on the docket report from the Circuit Court for the County of Fairfax, Virginia (the "**Docket Report**"), which does not reference a filed certificate of service evidencing service. A true and correct copy of the Docket Report is attached hereto as **Exhibit H**.

58.     Pursuant to a *Notice of Foreclosure Sale* dated June 2, 2025, Welch fraudulently commenced foreclosure proceedings (the "**Foreclosure**") against the Condo Units, which foreclosure sale was scheduled for July 10, 2025, at 12:40 PM (the "**Foreclosure Notice**"). A true and correct copy of the Foreclosure Notice is attached hereto as **Exhibit I**. Counsel to Welch, Mr. Lewis, served as the trustee under the Recorded Deed of Trust.

59.     Welch knew at the time of commencing the foreclosure that both the 2023 Note and Deed of Trust (and the Recorded Deed of Trust) were invalid.

60.     Counsel to Welch, Mr. Lewis, knew at the time of commencing the foreclosure that both the 2023 Note and Deed of Trust (and the Recorded Deed of Trust) were invalid.

61.     Thereafter, on July 9, 2025, the Debtor filed its voluntary petition commencing this Bankruptcy Case.

### F.  *Debtor's Bankruptcy Case*

62.     Immediately following the Petition Date, on July 11, 2025, Welch filed a *Motion for Relief from Stay (456A Woodcrest Dr. SE, Washington, DC 20032; 456B Woodcrest Dr. SE, Washington, DC 20032; 454B Woodcrest Dr. SE, Washington, DC 20032)* [Docket No. 4] (the "**Motion for Relief**"), moving for relief from the automatic stay under section 362 of the Bankruptcy Code to enforce its alleged secured claim against the Condo Units.

63.     The Debtor filed *Debtor's Opposition to Motion for Relief from Stay (456A Woodcrest Dr. SE, Washington, DC 20032; 456B Woodcrest Dr. SE, Washington, DC 20032;*

*454B Woodcrest Dr. SE, Washington, DC 20032)* [Docket No. 13] (the "**Opposition**"), objecting

to the relief sought in the Motion for Relief. Following a preliminary hearing conducted on July

30, 2025, the Court scheduled a contested hearing on the Motion for Relief for September 4,

2025, which it has since continued to October 7, 2025.

64.     On August 22, 2025, Welch filed Proof of Claim No. 6 and Proof of Claim No. 7

asserting a secured claim against the Debtor and the Condo Units in the amount of

$4,796,320.75.

## COUNT I
### Declaratory Judgment Invalidating 2023 Note, Deed of Trust & Confessed Judgment

65.     The Debtor realleges and incorporates by reference, as if fully rewritten herein,

the allegations contained in the foregoing paragraphs of the Complaint.

66.     The 2023 Note and Deed of Trust (for purposes of the remaining allegations in the

Complaint, the meaning of the term "Deed of Trust" shall include the defined term "Recorded

Deed of Trust"), and the obligations and benefits provided therein, are not valid and enforceable

against the Debtor or the Condo Units because the Debtor provided these instruments to Welch in

connection with and pursuant to the Proposed Settlement, the terms of which were never

consummated by Welch and the Debtor, and which Proposed Settlement Welch rejected.

67.     Under the Proposed Settlement, Welch agreed to dismiss the D.C. Action and

release the Lis Pendens in exchange for the 2023 Note and the Deed of Trust.

68.     In accordance therewith, the Debtor provided the 2023 Note and a copy of the

Deed of Trust to Welch to be held in escrow pending consummation of the Proposed Settlement.

69.     Having obtained these documents from the Debtor, Welch then rejected the

Proposed Settlement.

70.     Welch neither consummated the Proposed Settlement, cancelled the 2018 Note, dismissed the D.C. Action nor released the Lis Pendens. Further, Welch did not forbear, in any fashion, from prosecuting the D.C. Action against Holdco, Mr. Black, the Debtor or the other Propco defendants thereto.

71.     Welch provided no consideration or reasonably equivalent value to the Debtor in exchange for the 2023 Note and Deed of Trust.

72.     The Debtor never authorized the release of the 2023 Note and the copy of the Deed of Trust from escrow.

73.     The Confessed Judgment based on the invalid and unenforceable 2023 Note is likewise invalid and unenforceable against the Debtor because, in addition to the foregoing, the Confessed Judgment was never properly served on the Debtor in accordance with the requirements of Va. Code § 8.01-438 and is void *ab initio*.

74.     Based upon the foregoing, the Court should find and declare that the 2023 Note and Deed of Trust, and the obligations and benefits provided therein, and the Confessed Judgment based on the 2023 Note, are all invalid and unenforceable against the Debtor and the Condo Units (or any other property of the Debtor's estate).

## <u>COUNT II</u>
### Recission of 2023 Note & Deed of Trust for
### Fraud, Fraudulent Misrepresentation and Fraudulent Inducement

75.     The Debtor realleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of the Complaint.

76.     The 2023 Note and Deed of Trust, and the obligations and benefits provided therein, should be rescinded because they are the ill-gotten gains of fraud, fraudulent

misrepresentation and fraudulent inducement perpetrated by Welch and/or its agents against the Debtor and should not be enforceable against the Debtor or the Condo Units.

77.     Welch filed the D.C. Action against the Debtor, and the Lis Pendens against the Condo Units, as an improper tactic to gain undue leverage in litigation in violation of the laws of the District of Columbia.

78.     By the Proposed Settlement, Welch and/or its agents solicited the 2023 Note and Deed of Trust in consideration of an illusive promise to the Debtor to dismiss the D.C. Action and release the Lis Pendens.

79.     In reliance on this illusive promise, and further upon the understanding that Welch would hold these instruments in escrow pending consummation of the Proposed Settlement, Welch and/or its agents induced the Debtor to provide the 2023 Note and the Deed of Trust to Welch.

80.     Welch's illusive promise would have been likely to have induced a reasonable recipient to engage in the Proposed Settlement.

81.     Welch and/or its agents never intended to agree to, follow through with or abide by the terms of the Proposed Settlement.

82.     Welch and/or its agents offered the Proposed Settlement with the intent to deceive and induce the Debtor into providing the 2023 Note and the Deed of Trust to Welch.

83.     Immediately following receipt of the original 2023 Note and a copy of the Deed of Trust, Welch rejected the Proposed Settlement.

84.     Welch neither consummated the Proposed Settlement, cancelled the 2018 Note, dismissed the D.C. Action nor released the Lis Pendens. Further, Welch did not forbear, in any

fashion, from prosecuting the D.C. Action against Holdco, Mr. Black, the Debtor or the other Propco defendants thereto.

85.    Welch provided no consideration or reasonably equivalent value to the Debtor in exchange for the 2023 Note and Deed of Trust.

86.    The Debtor never authorized the release of the 2023 Note and the copy of the Deed of Trust from escrow.

87.    Notwithstanding, Welch and/or its agents retained the 2023 Note and the copy of the Deed of Trust.

88.    Welch did not record the Deed of Trust with the District of Columbia Government Recorder of Deeds within thirty (30) days of "execution" as required by D.C. Code § 47-1431(a).

89.    Instead, approximately eight (8) months later in August and September 2024, and angered by the sale of Unit 458B and the disbursement of proceeds therefrom to Mr. Black, Welch took action to edit and fraudulently enforce the invalid 2023 Note and Deed of Trust against the Debtor and the Condo Units.

90.    In full knowledge that the Proposed Settlement had never been consummated, that the 2023 Note and Deed of Trust were invalid, and further that the 2023 Note and the copy of the Deed of Trust had never been released from escrow, Welch and its agents:

    a.    fraudulently recorded the Recorded Deed of Trust with the District of Columbia Government Recorder of Deeds;

    b.    fraudulently confessed an edited copy of the 2023 Note against the Debtor, thereby obtaining the Confessed Judgment; and

    c.    fraudulently commenced the Foreclosure against the Condo Units.

91.     Without the knowledge or consent of the Debtor, Welch and/or its agents changed the Deed of Trust prior to recordation.

92.     Without the knowledge or consent of the Debtor, Welch and/or its agents changed the 2023 Note prior to confession.

93.     While pursuing the fraudulent enforcement of the 2023 Note and Deed of Trust against the Debtor and the Condo Units, Welch continued litigating the sanctionable and tortious D.C. Action based on the 2018 Note and Lis Pendens against the Debtor.

94.     Based upon the foregoing, the fraud, fraudulent misrepresentation and fraudulent inducement perpetrated by Welch and/or its agents alleged herein establishes adequate grounds for the Court to: (a) rescind the 2023 Note and Deed of Trust, and the obligations and benefits provided therein; (b) restore the Debtor to its position prior to the 2023 Note and Deed of Trust; and (c) prevent Welch from benefiting from its fraudulent conduct at the expense and to the detriment of the Debtor, its estate and its creditors and parties in interest.

95.     The Debtor has suffered damages as a consequence of the foregoing fraud, fraudulent misrepresentation and fraudulent inducement perpetrated by Welch and/or its agents as alleged herein, including, without limitation, in the amount of the attorneys' fees and costs incurred by the Debtor in the D.C. Action and this Bankruptcy Case.

96.     Based upon the foregoing, the fraud, fraudulent misrepresentation and fraudulent inducement perpetrated by Welch and/or its agents as alleged herein establishes adequate grounds for the Court to award damages to the Debtor and against Welch in an amount to be determined and proven at trial.

## <u>COUNT III</u>
### Avoid 2023 Note & Deed of Trust as Constructive Fraudulent Conveyance

97.    The Debtor realleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of the Complaint.

98.    In the alternative, and to the extent that the Court does not invalidate (or rescind) the 2023 Note and Deed of Trust, the rights and benefits granted to Welch under the 2023 Note and the Deed of Trust constitute constructively fraudulent transfers that are avoidable under section 548 of the Bankruptcy Code.

99.    Welch filed the D.C. Action against the Debtor, and the Lis Pendens against the Condo Units, as an improper tactic to gain undue leverage in litigation in violation of the laws of the District of Columbia.

100.    The Debtor was never liable to Welch on the 2018 Note.

101.    The Debtor's assets, including, without limitation, the Condo Units, were never collateral securing the 2018 Note.

102.    The Debtor was not a valid and proper defendant in the D.C. Action.

103.    The Condo Units were never validly and properly subject to the Lis Pendens.

104.    The 2023 Note and Deed of Trust were an obligation incurred by the Debtor and a transfer of an interest of the Debtor in property, which were made and incurred within the two (2) years preceding the Petition Date.

105.    The 2023 Note and the Deed of Trust were made to or for the benefit of Welch in connection with the Proposed Settlement.

106.    Welch rejected the Proposed Settlement.

107.    Welch neither consummated the Proposed Settlement, cancelled the 2018 Note, dismissed the D.C. Action nor released the Lis Pendens. Further, Welch did not forbear, in any

fashion, from prosecuting the D.C. Action against Holdco, Mr. Black, the Debtor or the other Propco defendants thereto.

108.    The Debtor received no consideration or reasonably equivalent value in exchange for the 2023 Note and the Deed of Trust.

109.    When the 2023 Note and Deed of Trust were entered into, the rights and benefits thereunder granted to Welch, the Debtor was: (a) rendered insolvent as the result of the 2023 Note and the Deed of Trust; (b) engaged in business or a transaction, or were about to engage in business or a transaction, for which the Debtor's remaining property was unreasonably small capital; and/or (c) the Debtor intended to incur, or believed or reasonably should have believed that it would incur, debts that would be beyond its ability to pay as such debts matured.

110.    As of the date of the 2023 Note and Deed of Trust, the Debtor's real property, including the Condo Units, was worth approximately $2.6 million subject to a first priority lien held by Sandy Spring Bank in the approximate amount of $900,000. The effect of subjecting the Debtor to an additional $4 million in debt under the 2023 Note rendered the Debtor insolvent.

111.    At all relevant times, the Debtor had actual creditors holding unsecured claims allowable within the meaning of section 502 of the Bankruptcy Code

112.    The 2023 Note (and any liability arising under the Confessed Judgment based on the same) and the Deed of Trust should be avoided as a constructively fraudulent transfer, and the Debtor is entitled to, and the Court should enter, an order and judgment against Welch avoiding the 2023 Note and the Deed of Trust pursuant to section 548 of the Bankruptcy Code.

113.    Based upon the foregoing, the Court can and should avoid the 2023 Note (and any liability arising under the Confessed Judgment based on the same) and the Deed of Trust as to Welch and as to any subsequent transferee.

## COUNT IV
### Recovery of Avoided 2023 Note and Deed of Trust

114.    The Debtor realleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of the Complaint.

115.    To the extent that the 2023 Note and Deed of Trust are avoided pursuant to section 548 of the Bankruptcy Code, as requested herein, the Debtor, as debtor in possession, is entitled to recover, for the benefit of its estate, creditors and parties in interest, the property transferred or the value of such property pursuant to section 550 of the Bankruptcy Code.

116.    Welch was both the initial transferee of and the party for whose benefit was made the 2023 Note and Deed of Trust.

117.    Accordingly, the Debtor is entitled to an order and judgment recovering from Welch, for the benefit of the Debtor's estate, the 2023 Note and Deed of Trust, or the value thereof, plus pre- and post-judgment interest, attorneys' fees and costs pursuant to section 550 of the Bankruptcy Code, and as this Court may determine at trial.

## COUNT V
### Slander of Title

118.    The Debtor realleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of the Complaint.

119.    Welch's actions to file the original Lis Pendens with the Welch Complaint in the D.C. Action, to record the Revised Lis Pendens, and to record the Recorded Deed of Trust constitute false and malicious communications relating to the Debtor's title to the Condo Units.

120.    Welch and its agents knew or should have known that the original Lis Pendens that Welch issued against the Debtor's real property was filed despite no ownership interest in

the Condo Units being directly at issue in the D.C. Action as required under D.C. Code § 42-1207.

121.    Welch and its agents knew or should have known that the Revised Lis Pendens that Welch issued against the Debtor's real property was recorded despite no ownership interest in the Condo Units being directly at issue in the D.C. Action as required under D.C. Code § 42-1207.

122.    Welch and its agents knew or should have known that the Recorded Deed of Trust was invalid and unenforceable against the Debtor and the Condo Units and that the copy of the Deed of Trust was further held in escrow pursuant to the Proposed Settlement, which Welch rejected and never consummated.

123.    Notwithstanding the foregoing knowledge, Welch and its agents falsely and maliciously filed and recorded, as applicable, the original Lis Pendens, Revised Lis Pendens and Recorded Deed of Trust as an improper tactic to gain undue leverage in litigation and to fraudulently collect on the 2018 Note and/or 2023 Note against the Debtor.

124.    The Debtor suffered damages as a consequence of Welch's slander of the Debtor's title to the Condo Units in an amount to be determined at trial, including, without limitation, in the amount of the attorneys' fees and costs incurred by the Debtor in the D.C. Action and this Bankruptcy Case.

125.    Based upon the foregoing, Welch's slander of the Debtor's title to the Condo Units as alleged herein establishes adequate grounds for the Court to award damages to the Debtor and against Welch in an amount to be determined and proven at trial.

## COUNT VI
### Objection to Allowance of Proofs of Claim

126.    The Debtor realleges and incorporates by reference, as if fully rewritten herein, the allegations contained in the foregoing paragraphs of the Complaint.

127.    For the reasons asserted herein, including Count I through Count V stated above, the Debtor objects to the allowance of Proof of Claim No. 6 and Proof of Claim No. 7 filed by Welch in the Bankruptcy Case.

128.    Further, pursuant to section 502(d) of the Bankruptcy Code, any claim of Welch, including the Proofs of Claim, must be disallowed until such time as Welch has paid the value of, or turned over any such other property, for which Welch is liable to the Debtor under section 550 of the Bankruptcy Code.

### RESERVATION OF RIGHTS

129.    The Debtor hereby reserves the right to bring any and all other claims or causes of action that it might have or could or can assert against Welch, on any and all grounds, as allowed under the law or in equity.

WHEREFORE, based upon the foregoing, and for good and just cause having been shown, the Debtor respectfully demands judgment against Welch as follows:

I.      On Count I, that the Court enter declaratory judgment against Welch determining that the 2023 Note, Deed of Trust (and Recorded Deed of Trust) and Confessed Judgment are invalid and not enforceable against the Debtor or its bankruptcy estate;

II.     On Count II, that the Court enter judgment against Welch rescinding the 2023 Note and Deed of Trust (and Recorded Deed of Trust) and awarding damages against Welch for the benefit of the Debtor in an amount to be determined at trial based on the fraud, fraudulent misrepresentation and fraudulent inducement perpetrated by Welch against the Debtor;

III.     On Count III, that the Court enter judgment avoiding the 2023 Note (and Confessed Judgment) and the Deed of Trust (and Recorded Deed of Trust) as a constructively fraudulent transfer pursuant to 11 U.S.C. § 548;

IV.     On Count IV, that the Court enter judgment recovering from Welch, for the benefit of the Debtor's estates, the 2023 Note and Deed of Trust (and Recorded Deed of Trust) or the value thereof, plus pre- and post-judgment interest, attorneys' fees and costs, pursuant to section 11 U.S.C. § 550, as this Court may determine at trial;

V.     On Count V, that the Court enter judgment awarding damages against Welch for the benefit of the Debtor in an amount to be determined at trial based on the slander of title perpetrated by Welch against the Debtor and the Condo Units;

VI.     On Count VI, that the Court enter judgment disallowing the Proofs of Claim consistent with the Court's rulings on Count I through Count V; and

VII.     That the Court grant all such additional relief to which the Debtor or its bankruptcy estate, as applicable, may be entitled to at law or in equity, including costs and reasonable attorneys' fees.

Dated: August 29, 2025                    Respectfully submitted,

                                          **WHITEFORD, TAYLOR & PRESTON L.L.P.**


                                          */s/ Brent C. Strickland*
                                          Brent C. Strickland (Bar No. 452880)
                                          8830 Stanford Boulevard, Suite 400
                                          Columbia, MD 21045
                                          Phone: (410) 347-9402
                                          Facsimile: (410) 223-4302
                                          Email: bstrickland@whitefordlaw.com

                                          Joshua D. Stiff (admitted *pro hac vice*)
                                          Whiteford, Taylor & Preston L.L.P.
                                          249 Central Park Avenue, Suite 300
                                          Virginia Beach, VA 23462
                                          Telephone: (757) 271-9751
                                          Facsimile: (757) 271-9736
                                          Email: jstiff@whitefordlaw.com

                                          *Counsel to the Debtor and Debtor-in- Possession*


4922-5736-9177, v. 4